IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3060-1 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| OCTAVIO DELVILLAR, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on the defendant's motion for certificate of appealability (filing 197), which will be treated as a notice of appeal from the court's memorandum and order (filing 193) and judgment (filing 194) entered on March 11, 2009, denying and dismissing with prejudice the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (filing 190), and from the court's order of March 30, 2009 (filing 196), denying the defendant's Rule 59(e) motion to alter or amend judgment (filing 195). See *Turner v. Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991) (citing five other circuits that "have held that a motion for certificate of probable cause, filed by a pro se petitioner within the time limits of Rule 4(a) can serve as the functional equivalent of a notice of appeal"); Fed.R.App.P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal . . ..").

  Before the defendant's appeal can proceed, a certificate of appealability must issue. *See* Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 motion, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c).

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth in the memorandum and order that was entered on March 11, 2009 (filing 193), denying the defendant's § 2255 motion on initial review, the court concludes that the defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). The defendant's further contention that summary dismissal of his § 2255 motion constituted a denial of due process is also without merit. See *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (no hearing is required on § 2255 motion "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."). Therefore, a certificate of appealability will not be issued.

The defendant was determined to be financially unable to obtain an adequate defense in his criminal case, and an attorney was appointed to represent him at trial. Because the appeal appears to be taken in good faith, even though a certificate of appealability will not be issued, the defendant may proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3).

IT IS ORDERED that:

1. The defendant's motion for certificate of appealability (filing 197) is denied; a certificate of appealability will <u>not</u> issue in this case.

2. The defendant may proceed in forma pauperis on appeal.

3. The clerk of the court shall treat the defendant's motion as a notice of appeal and shall transmit a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit.

May 6, 2009.                                    BY THE COURT:

                                                                        s/ *Richard G. Kopf*
                                                                         United States District Judge